Custody of a Minor. May 11, 1978. In this case the mother's sister had obtained a judgment awarding her custody of the mother's subteen daughter. The mother petitioned the Probate Court seeking to revoke that judgment, claiming lack of notice of the hearing in the earlier proceedings. Following a hearing on the mother's petition a probate judge, having noted a minor error in the judgment, revoked it on his own motion for the stated purpose of correcting that error. Having done so, he entered a new judgment otherwise unchanged in form or content. The mother has appealed and has argued, among other things, that the hearing was a "de novo hearing on the issue of guardianship." The transcript of testimony provides no support for any such view. The judge clearly stated at the outset of the hearing that "what we are considering today is a petition to vacate judgment." After hearing several witnesses the judge indicated that he felt that the "status quo should be maintained," that the mother should not be "cut out of the picture completely," that counselling services should

be continued, and that specific visitation rights of the mother should be worked out with the court's family service office. The judge's hope was that the mother would "improve" and be able to resume her normal responsibilities for the child. The parties agreed. The judge also indicated that the matter should be reviewed in about six months. The docket, the transcript and the original papers (which we have called for and examined) all indicate that the judge took no action on the petition. The original papers also disclose that about seven weeks after the hearing a stipulation signed by the parties and counsel was filed. That stipulation stated that it was agreed that the court should enter an order providing that the child remain with the sister and for visitation rights and counselling, along the lines suggested by the judge at the hearing. Such an order was entered as agreed. The judge, with the complete agreement of the parties, was attempting to work out a practical, humane solution to a knotty problem. Thus, he took no final action, and the only question presented by the appeal is whether there was error in the judge's correcting a minor error in the original judgment. Clearly, there was none. *Allen* v. *Moushegian*, 320 Mass. 746, 755 (1947).

*Judgment affirmed.*

*Roger Mervis* for the appellant.
*John C. Ottenberg* for the appellee.